**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ANDREW E. WISOFF,**

                **Plaintiff,**          1:07-CV-34
     **vs.**                                          (NAM/DRH)

**CITY OF SCHENECTADY, NEW YORK,**

                **Defendant.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

Andrew E. Wisoff
850 Oregon Avenue
Niskayuna, New York 12309
*Plaintiff Pro Se*

City of Schenectady Corporation Counsel        L. John Van Norden, Esq.
Room 201
City Hall
Schenectady, New York 12305-1938
*Attorney for Defendant*

**Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM DECISION AND ORDER

### INTRODUCTION

On January 3, 2007, plaintiff Andrew E. Wisoff commenced the within action against defendant City of Schenectady, New York ("the City") in New York State Supreme Court, Schenectady County. Plaintiff alleged that Article X of Chapter 167 of the Code of Ordinances of the City of Schenectady (Ordinance No. 85-75) (Schenectady Rental Certificate Ordinance) ("the Ordinance") violated plaintiff's civil rights and protections guaranteed by Article I, Section 12 of the New York State Constitution and the Fourth Amendment to the United States Constitution. (Dkt. No. 1). Plaintiff sought the following relief: (1) a declaration that the Ordinance is

unconstitutional, null and void as the Ordinance requires plaintiff to submit to a warrantless inspection of his property; (2) a declaration that the Ordinance is unconstitutional, null and void as the Ordinance is inherently coercive, denying plaintiff his right to derive income or economic value from his property; (3) a Temporary Restraining Order and/or Preliminary Injunction, restraining and/or enjoining defendant from commencing any prosecution (not yet commenced), against plaintiff for alleged violation of the Ordinance, until this action is heard or decided by the Court; (4) a Permanent Injunction enjoining defendant from enforcing the Ordinance "excepting, any prosecution in Schenectady City Court which commenced before the filing of this action"; (5) ordering defendant to reimburse plaintiff for all fees and penalties paid under the Ordinance; and (6) ordering defendant to reimburse plaintiff for costs and disbursements associated with the within action. (Dkt. No. 1). On January 9, 2007, defendant removed the action to district court asserting jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1441(a).

Presently before the Court are three motions: (1) plaintiff's motion (Dkt. No. 6) for a remand of the entire action to state court; (2) defendant's cross-motion (Dkt. No. 9) for an award of summary judgment pursuant to Fed. R. of Civ. P. 56; and (3) plaintiff's cross-motion (Dkt. No. 17) for summary judgment.

## BACKGROUND

On August 12, 1985, the City of Schenectady enacted Chapter 167, Article X of the Code of the City of Schenectady, Sections 167-56 through and including 167-70. The Ordinance was allegedly enacted to, "promote the health and safety of tenants and to alleviate conditions of substandard housing, including slums and blight". The Ordinance applied to all rental units in

2

buildings containing two or more rental units.[1]  The applicable sections of the Code of the City of Schenectady New York provide as follows:

> §167-60.  Application; standards; issuance; temporary certificate.
>
> A.      Rental Certificate.
>
> (1)     Whenever a vacancy shall exist in a rental unit and a leasing is about to occur, or whenever there is a change in occupancy, the owner shall submit a written application for a rental certificate. This application shall indicate the name and address of the owner, the location of the property and the identity of the rental unit by number or other suitable means.
>
> (2)     Within five working days of receipt of an application, the Building Inspector shall inspect the rental unit to determine if the rental unit is in compliance with the following standards.[2]
>
> §167-61.  Right to enter and inspect.
>
> During regular business hours or in an emergency, the Building Inspector or his representative or any duly authorized City representative, upon the showing of proper credentials and the discharge of his duties, may enter any building or rental unit within a building.  If access to such property is refused, the Building Inspector shall apply for a search warrant or court order in an appropriate court and upon showing that there is reasonable grounds to believe that a building or rental unit within a building is rented and occupied in violation of this article.

Code of the City of Schenectady Art. X, §167-60, §167-61 (2006).

At the relevant time, plaintiff resided in Niskayuna, New York and owned twelve 2-family homes located in the City of Schenectady.[3]  Plaintiff did not reside in those homes but rented

---

[1] The Ordinance was not applicable to buildings wherein one of the units was occupied by the owner or units that were leased under contract with the Schenectady Municipal Housing Authority and/or the Department of Housing and Urban Development. Code of the City of Schenectady Art. X, §167-58(A) (2006).

[2] Without setting forth the entire Code, the standards include but are not limited to lighting, ventilation, access, heating, electrical and fire protection. Code of the City of Schenectady Art. X, §167-60 (2006).

[3] Keith Lamp, building inspector for the City of Schenectady, provided an affidavit and stated that plaintiff owned ten 2-family homes in the City of Schenectady.  Plaintiff admitted to owning twelve 2-family homes.  The record does not contain undisputed evidence regarding the location or any other information relating to those

apartments (or rental units) within those homes to individuals and families.  Plaintiff claims he was prosecuted in Schenectady City Court for alleged violations of the Ordinance.[4]  Plaintiff commenced the within action seeking declaratory and injunctive relief, as well as costs for disbursements.

## DISCUSSION

Plaintiff argues that 28 U.S.C. § 1441(c) requires the Court to remand the entire action (federal and state law claims) to state court.[5]  In the alternative, plaintiff contends that pursuant to 28 U.S.C. §1367, the Court has the discretion to remand the federal claims and state law claims to state court.[6]  Defendant argues that the matter was properly removed to federal court based upon plaintiff's Fourth Amendment claims.  Defendant further asserts that as the Court has original jurisdiction over the federal claims, the Court should retain jurisdiction over the supplemental state claims.

### I.      28 U.S.C. § 1441(c)

Plaintiff argues that pursuant to § 1441(c), the district court shall "remand all matters in which state law predominates".  28 U.S.C. § 1441(c) provides:

---

properties.

[4] Defendant alleged in the Answer that, "[p]laintiff is currently being prosecuted by the defendant City for violating Chapter 167, Article X of the Code of the City of Schenectady".  Although defendant concedes that plaintiff was prosecuted and a defendant in criminal actions, the record does not include the pleadings (or dates) with regard to any criminal matters.

[5] Plaintiff does not claim that defendant's removal was improper.

[6] Plaintiff is proceeding *pro se.*  Therefore, the Court construes plaintiff's submissions to "raise the strongest arguments that they suggest".  *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir.2006) (citation omitted).

4

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (1994). Plaintiff seemingly relies upon the last sentence of the statute in support of remand of the entire action. However, the Court has no authority to remand a federal claim, such as plaintiffs' Fourth Amendment claim herein, over which it has original jurisdiction. *See Hickerson v. City of New York*, 932 F.Supp. 550, 559 (S.D.N.Y. 1996). With regard to state law claims, § 1441(c) applies to cases where the federal question claims are 'separate and independent' from the state law claims with which they are joined in the complaint. *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 786 (3d Cir. 1995); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 354 (1988) (holding that section 1441(c) does not apply when pendent claims are involved because "pendent claims are not 'separate and independent' within the meaning of the removal statute"); *see also Nelson v. City of Rochester*, 492 F.Supp.2d 282, 287 (W.D.N.Y. 2007) (holding that if state and federal claims are not independent, § 1441(c) has no bearing on the issue of removal). Where there is a single injury to plaintiff for which relief is sought, arising from an interrelated series of events or transactions, there is no separate or independent claim or cause of action under § 1441(c). *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951). The inquiry is whether the federal and state claims rely on the same series of events. *Murphy v. Bank of Am. Nat. Trust and Sav. Ass'n*, 172 F.3d 876 (9th Cir. 1999) (holding that plaintiff's RICO claims were inextricably intertwined with and arose from the same nucleus of facts as the state law causes of action).

The Court finds that § 1441(c) has no application to plaintiff's federal or state law claims. As stated, the Court has no authority to remand the federal claims over which the Court has original jurisdiction. Moreover, plaintiff's federal and state claims are not "separate and independent" as the claims arise out of the same set of operative facts, the passage of the Ordinance. *See City of New Rochelle v. Town of Mamaroneck*, 111 F.Supp.2d 353, 371-373 (S.D.N.Y 2000). Plaintiff filed an action alleging that the Ordinance violated both the New York State and United States Constitution. *See Dunlop v. City of New York*, 2006 WL 2853972, at *3 (S.D.N.Y. 2006) (holding that the plaintiff left himself "wide open for removal" with the inclusion of federal claims in his complaint). Thus, the Court has no authority to remand any of plaintiff's claims to state court pursuant to § 1441(c). The question of remand is more appropriately analyzed in the context of the district court's discretion to exercise supplemental jurisdiction over plaintiff's state law claims.

## II.     28 U.S.C. § 1367

Plaintiff claims that § 1367(c) provides the district court with the discretion to decline to exercise supplemental jurisdiction. Plaintiff also argues that § 1367(c) permits the district court to remand not only state law claims but the entire action including "undismissed federal law claims".[7]

Where the district court has original jurisdiction over a claim, it also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). Where removal and supplemental jurisdiction are proper, the inquiry becomes whether or not the court

---

[7] Plaintiff does not allege that the court does not have supplemental jurisdiction over plaintiff's state law claims.

6

has discretion to decline to exercise supplemental jurisdiction and remand the state law claims. *See City of New Rochelle*, 111 F.Supp.2d at 369. Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

However, nothing in § 1367 authorizes a district court to dismiss or remand any claim over which the district has original jurisdiction, including claims arising under the United States Constitution, regardless of whether the state claims predominate in the action. *Hickerson*, 932 F.Supp. at 559 (holding that § 1367 does not sanction a district court's remand of the entire case, including the federal civil rights claims, to the state court); *see also Nelson*, 492 F.Supp.2d at 288 (internal citation omitted).

Based upon the aforementioned, § 1367(c) does not provide the Court with the discretion to remand plaintiff's Fourth Amendment claims to state court.[8] However, the Court will examine the remaining issue - whether the district court should exercise its discretion and decline supplemental jurisdiction over plaintiff's state law claims. In this regard, the applicable subsections are §1367(c)(1) and (c)(2).

**A.     Predominate Claims**

---

[8] Plaintiff cites to Second Circuit cases in support of the claim that the district court may remand an entire case "including undismissed federal claims". However, the cases cited have facts that are clearly distinguishable from those at hand. *See Naylor v. Case and McGrath, Inc.*, 585 F.2d 557, 561 (2d Cir. 1978) (holding that abstention was proper as the federal claim, which was the basis for jurisdiction, had been withdrawn); *see also Minot v. Eckardt-Minot*, 13 F.3d 590 (2d Cir. 1994) (holding that family-law subject matter justified abstention).

Plaintiff argues that the state law claims predominate. Plaintiff claims that the business of residential rental property is "unquestionably a matter in which State (and local) law predominate". Defendant argues that the Fourth Amendment claim predominates.

In determining whether state law claims predominate, courts consider the type of proof necessary, the comprehensiveness of remedies, and the scope of the issues raised. *Dunlop,* 2006 WL 2853972, at *5 (citing *Surprise v. GTE Serv. Corp.*, 47 F.Supp.2d 240, 243 (2d Cir. 1999)). Courts have determined that state law claims predominate when the federal law claims are merely peripheral or cover a much narrower issue than the state law claims, or where the factual or legal analysis of the claims are unrelated. *Dunlop*, 2006 WL 2853972, at *5 (citing *SST Global Tech., LLC v. Chapman*, 270 F.Supp.2d 444, 456-58 (S.D.N.Y. 2003)) (finding state law claims did not predominate where there was "substantial interplay" between the federal and state law claims). To remand, a plaintiff must demonstrate that the state law claims substantially predominate in terms of proof, comprehensiveness of the remedies sought, or scope of the issues raised. *Surprise*, 47 F.Supp.2d at 241 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966)).

In the case at hand, plaintiff has not presented sufficient proof to demonstrate that the federal and state claims require differing factual and legal analysis. Plaintiff has alleged that the Ordinance requires plaintiff to submit to "a warrantless search of his property" in violation of the New York State Constitution and the Fourth Amendment. Clearly, there is substantial interplay between the federal and state claims. Thus, plaintiff has not established that the state law claims substantially predominate requiring this Court to exercise its discretion to remand the state law claims pursuant to § 1367(c)(2).

**B.     "Novel or Complex Issues of Law"**

8

The core of plaintiff's claim is that the Ordinance is unconstitutional.  Plaintiff argues that the constitutionality of the Ordinance is an issue that "the New York Court of Appeals already decided in [the case of] *Sokolov v. Freeport*".  Defendant concedes that *Sokolov* may be "controlling precedent" but also suggests that factual differences between *Sokolov* and the case herein and may result in a different conclusion.

Pursuant to § 1367(c)(1), district courts should decline supplemental jurisdiction over claims to avoid ruling on an issue of state law which would "provid[e] a tentative answer which may be displaced tomorrow by a state adjudication".  *Farley v. Williams*, 2005 WL 3579060, at *5 (W.D.N.Y. 2005) (citing *Young v. U.S. Dep't of Justice*, 882 F.2d 633, 644 (2d Cir. 1989)) (internal citations omitted).  Section 1367(c)(1) may well be applicable where the application of the law to the facts of the case is potentially novel and is appropriately resolved in state court. *Rounseville v. Zahl*, 13 F.3d 625, 631-32 (2d Cir. 1994).  The Second Circuit has specifically held that where a pendent [supplemental] state claim turns on novel or unresolved questions of state law, especially where those questions concern the state's interest in the administration of its government, principles of comity and federalism may dictate that these questions be left for decision by the state courts.  *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir. 1998).

### 1. *Sokolov* decision

In *Sokolov v. Freeport*, 52 N.Y.2d 341 (1981), the plaintiff challenged the constitutionality of a Village of Freeport ordinance which mandated that residential rental property within the village could not be let or relet without first obtaining a permit from the village.  According to the ordinance, upon notification of vacancy by an owner, the department of buildings "must conduct an inspection of the property within two business days". *Id*. at 344.

The ordinance further provided for a fine if a landlord refused to consent to a warrantless administrative inspection. *Id*. The plaintiff was prosecuted in criminal actions and claimed that the ordinance was violative of his Fourth Amendment rights.[9] *Id*. at 345. The Court of Appeals held that the ordinance was unconstitutional as it effectively authorized and required a warrantless inspection of residential rental property. *Sokolov*, 52 N.Y.2d at 345.

### 2. *Pashcow* and *Stender* decisions

At the time the Court of Appeals decided *Sokolov*, it also ruled in the case of *Pashcow v. Town of Babylon*, 53 N.Y.2d 687 (1981). In *Pashcow*, the plaintiff challenged a local law regulating rental units which, the Court stated, was "similar, but not identical, to an ordinance declared unconstitutional". *Id*. The court noted that the Town of Babylon ordinance provided for "nonconsenual, warrantless searches" in "emergency situations" but specifically prohibited such searches in the absence of an emergency. *Id*. The court concluded that it, "cannot be said that the ordinance of the Town of Babylon is unconstitutional on its face". *Id*. at 688.

In a more recent decision, the Appellate Division, Third Department held that a provision in the Albany Housing Code which required an inspection of a rental dwelling was not unconstitutional on its face. *Stender v. City of Albany*, 188 A.D.2d 986 (3d Dep't 1992). In *Stender*, the Albany ordinance provided the owner with the right "to insist upon the procurement of a search warrant from a court of competent jurisdiction by the Commissioner of Buildings in order to enable such an inspection". *Id*. The Third Department discussed the *Sokolov* decision but held that the inclusion of the warrant requirement in the Albany code insured protection of the

---

[9] Plaintiff did not argue that the ordinance violated the New York State Constitution.

owner's constitutional rights and rendered the ordinance sufficient to withstand a constitutional challenge. *Id.*

Based upon the aforementioned New York case law, the Court concludes that remand of plaintiff's state law claims is not only permissible but necessary. Plaintiff's state law claims regarding the constitutionality of the Ordinance under New York law are more appropriately venued in state court and not for the district court to determine. In this case, plaintiff has alleged that the Ordinance violates Article I, Section 12 of the New York State Constitution. That issue was not resolved in *Sokolov*. In *Sokolov*, the plaintiff did not allege that the ordinance violated any section of the New York State Constitution. Thus, it is unclear how New York courts would decide that issue in the context of the facts herein. Moreover, as defendant argued, the Freeport legislation determined to be unconstitutional in *Sokolov*, "contain[ed] no alternative for inspection pursuant to warrant, whereas Schenectady's ordinance expressly provides that where consent is refused, the inspection is undertaken pursuant to warrant". Given the substantive differences between the Freeport ordinance and the Schenectady ordinance, and the holdings of *Pashcow* and *Stender*, it is unclear whether or not a New York court would apply the *Sokolov* decision to the claims herein. Further, as defendant discussed, Schenectady is not the only city in New York to enact such an ordinance. Similar programs allegedly exist in Albany, Buffalo and Cohoes. Due to the possible wide-reaching impact of the determination of the constitutionality of the Ordinance, the issues herein require interpretation by New York courts. *See City of New Rochelle*, 111 F.Supp.2d at 369.

As the issue of whether or not the Ordinance is constitutional is not resolved or settled, the Court declines to exercise jurisdiction over plaintiff's state law claims. *See Hickerson*, 932 F.Supp. at 555 (the court held that due to the substantive differences between two challenged

11

ordinances, it was uncertain how a New York court would apply a previously decided Court of Appeals case to "the resolution challenged here"). As in *Hickerson*, if this Court were to decide on the resolution's constitutionality under the state constitution, such a judgment would be "a mere forecast rather than a determination". It is for the state courts to determine whether or not *Sokolov* is controlling precedent. Consequently, pursuant to §1367(c)(1), the Court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's state law claims and remands the state law claims to state court.

### III. *Younger* Doctrine and 28 U.S.C. § 2283

Plaintiff also contends that the principles of the *Younger* doctrine and 28 U.S.C. § 2283 "mandate[] abstention and remand". Plaintiff argues that pursuant to the *Younger* doctrine and 28 U.S.C. § 2283, the district court is restrained from granting plaintiff the relief requested in the complaint. Defendant claims that the *Younger* doctrine has no application to plaintiff's action.[10]

The Court would be within its discretion to refrain from analyzing plaintiff's abstention arguments. *See Nelson*, 492 F.Supp.2d at 289, n.4 (holding that the decision to remand the state claims under § 1367 rendered it unnecessary for the Court to consider plaintiff's abstention arguments); *see also West Coast, Inc. v Snohomish County*, 33 F.Supp.2d 924, 926 (W.D.Wash. 1999) (in light of remand of the state law claims and stay of the federal claim pursuant to 28 U.S.C. § 1367(c), the court did not consider plaintiff's arguments for abstention). However, even considering plaintiff's arguments, abstention is not warranted in this action.

A federal court's obligation to adjudicate claims within its jurisdiction is "virtually unflagging". *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358

---

[10] Defendant did not respond to plaintiff's arguments with regard to 28 U.S.C.§ 2283.

(1989) (holding that "abstention remains the exception, not the rule"). The *Younger* doctrine "espouse[s] the policy that a federal court should not interfere with a pending state judicial proceeding in which important state interests are at stake". *Levin v. Tiber Holding Co.*, 1999 WL 649002, at *4 (S.D.N.Y. 1999) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431-432 (1982)). The Supreme Court has extended the *Younger* doctrine to federal declaratory judgment actions that affect ongoing state criminal proceedings. *Samuels v. Mackell*, 401 U.S. 66, 69-74 (1971). In the Second Circuit, courts applying *Younger* abstention, "must determine (1) whether there is an ongoing state proceeding; (2) whether an important state interest is involved; and (3) whether the federal plaintiff has an adequate opportunity for judicial review of his constitutional claims during or after the proceeding". *Univ. Club v. City of New York*, 842 F.2d 37, 40 (2d Cir. 1988) (internal citations omitted). A remand on the basis of *Younger* abstention is improper if a plaintiff is not seeking an injunction or stay of pending state court litigation. *See Levin*, 1999 WL 6491002, at *4.

The Anti-Injunction Act, 28 U.S.C. § 2283 provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

To the extent that a plaintiff seeks injunctive relief from future suits, the claims are not removed from federal jurisdiction by the Anti-Injunction Act or *Younger* principles. *Pathways, Inc. v. Dunne*, 329 F.3d 108, 114 (2d Cir. 2003) (holding that as the plaintiff sought to prevent suits that the defendants might file in the future, the Anti-Injunction Act did not prevent a federal court from restraining a party from instituting future state proceedings). The statute does not preclude injunctions against the institution of state court proceedings, but only bar stays of suits already

instituted. *Dombrowski v. Pfister*, 380 U.S. 479, 485, n.2 (1965) (citing *Ex parte Young*, 209 U.S. 123, 156 (1908)).

In the case at hand, plaintiff has not sufficiently established that the action would interfere with pending state actions. Plaintiff alleges that at the time the action was filed, plaintiff was involved in four separate prosecutions pending in Schenectady City Court.[11] The record is devoid of any evidence regarding the current status of any alleged proceedings pending in state court. Even assuming the existence of pending state court actions, plaintiff does not seek to enjoin any actions "commenced before the filing of the this action" but rather, seeks to enjoin defendant from "commencing any prosecution (not yet commenced) against plaintiff". Thus, the *Younger* doctrine and the Anti-Injunction Act are not applicable in this matter.

**IV.    *Res Judicata* and *Rooker-Feldman***

In plaintiff's Reply Memorandum of Law, plaintiff offered two additional arguments in support of remand and abstention. As plaintiff is proceeding *pro se*, the Court is compelled to address the remaining arguments. Plaintiff claims that based upon *Sokolov*, the *Rooker-Feldman* doctrine has "possible application to this case". Plaintiff also asks this Court to consider whether or not a March 2000 decision of Judge Karen Drago, a judge presiding over one of the prosecutions in Schenectady City Court, was "tantamount to *res judicata* and binding on this Court".

The Second Circuit articulated four requirements for the application of *Rooker-Feldman*: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and

---

[11] As of April 4, 2007 (the date the motion was filed), plaintiff claimed he was still being prosecuted in actions commenced before and after the within action was filed. Defendant alleged, in response to the motion, that three prosecutions were still pending.

14

rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commence. *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (quoting *Exxon Mobil v. Saudi Basic Indus. Corp*., 544 U.S. 280, 285 (2005)) (quotation marks and alterations omitted). Based upon these requirements, *Rooker-Feldman* does not apply in this matter.

The doctrine of *res judicata* prevents a party from relitigating issues in a subsequent litigation that were or could have been brought in a prior action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine of *res judicata* applies if: "(1) there is a previous adjudication on the merits; (2) the previous action involved [defendant] or its privy; and (3) the claims involved were or could have been raised in the previous action". *Whelton v. Educ. Credit Mgmt. Corp*., 432 F.3d 150, 155 (2d Cir. 2005) (internal citation omitted).

On March 22, 2000, the case of *The People of the State of New York v. Andrew Wisoff* (Index No. 1999-42847) was scheduled for trial before Judge Karen A. Drago in Schenectady City Court.[12] In the matter before Judge Drago, plaintiff was prosecuted for alleged violations of the Ordinance. Prior to trial, Judge Drago addressed a motion brought by Mr. Wisoff. The issue raised in the motion was the constitutionality of the Rental Certificate Program. Judge Drago did not decide or rule on the issue of the constitutionality of the Ordinance but rather, Judge Drago dismissed the rental certificate violation. Judge Drago stated, "I think that the city needs to take a look at the code". The record does not contain any Order/Decision from Judge Drago. Although Judge Drago discussed the *Sokolov* case, Judge Drago did not rule on the issue of constitutionality

---

[12] The transcript of the March 22, 2000 proceedings before Judge Drago is part of the record.

15

of the Ordinance or the application of *Sokolov* to the matter pending in her court.  Accordingly, *res judicata* has no application herein.

## V. Concurrent Pending Actions

Having determined that the state law claims must be remanded to state court, the Court is now confronted with the dilemma of "simultaneous" litigation pending in the state and district courts.  A federal court is not precluded, in the exercise of its discretion, from staying proceedings in an action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views.  *Giulini v. Blessing*, 654 F.2d 189, 193 (2d Cir. 1981).

The recent decision in the case of *Nelson v. City of Rochester*, 492 F.Supp.2d 282 (W.D.N.Y. 2007), provides guidance with regard to the issue.  In *Nelson*, the plaintiff brought an action in state court against the defendant alleging claims under federal civil rights statutes and state law in connection with an administrative warrant to search plaintiff's residence.[13]  *Id*.  The plaintiff commenced the action seeking declaratory damages, injunctive relief and compensatory damages claiming *inter alia* violations of the plaintiff's Fourth Amendment rights and analogous claims under the New York State Constitution.  *Nelson*, 492 F.Supp.2d at 285.  The defendant removed the matter to district court pursuant to § 1441(a).  The plaintiff sought to remand the entire matter to state court claiming that New York law was predominate.  *Id*.

The court held that it had no authority or discretion to remand the plaintiff's federal law claims pursuant to § 1441(c) or § 1367.  *Id*. at 287.  However, the court exercised its discretion

---

[13] The Rochester Municipal Code provided that buildings for which a certificate of occupancy was required were subject to inspection to ensure compliance with applicable codes.  *Nelson*, 294 F.Supp.2d at 284.

16

and remanded the plaintiff's state law claims to state court pursuant to § 1367. *Id*. at 288. The court reasoned that:

> "the claims concerning the propriety of administrative warrants under New York law, the City's authority to provide for such warrants, and the authority of [] officers to apply for and execute such warrants, all raise novel and unsettled questions of state law that would more appropriately be heard in the courts of New York State in the first instance".

*Nelson*, 492 F.Supp.2d at 288. The court, citing to district court cases within the Second Circuit, retained jurisdiction over the federal claims and held:

> While I retain jurisdiction over plaintiff's federal claims, I will also stay those claims pending resolution of plaintiff's state law claims in state court, in the interests of comity and judicial economy, and to avoid the risk of inconsistent adjudications.

*Id*.; *see also Sherman v. Town of Chester*, 2001 WL 1448613, at *4-5 (S.D.N.Y. 2001) (the court remanded the plaintiff's state law claims but had an obligation to exercise jurisdiction over state law claims properly before the court); *see also Hickerson*, 932 F.Supp at 556 (holding that a stay of the federal issues was necessary as "the state constitutional law is not settled, and resolution of the claims under the state constitution may avoid the need for a determination of the federal constitutional questions"); *see also West Coast, Inc. v Snohomish County*, 33 F.Supp.2d 924, 926 (W.D.Wash. 1999) (holding that simultaneously litigating state and federal issues in different forums may result in a "number of unfortunate occurrences").

Pursuant to the aforementioned, plaintiff's federal claims will remain in this Court but must be stayed pending the outcome of the parallel state court action to avoid inconsistent decisions and promote "efficient judicial administration". *See Rose v. Village of Upper Nyack, N.Y.*, 669 F.Supp. 654 (S.D.N.Y. 1987).

## CONCLUSION

Based upon the aforementioned, it is therefore,

17

**ORDERED** that plaintiff's motion to remand (Dkt. No. 6) is granted in part and denied in part.  Plaintiff's state law claims under the New York State Constitution are remanded to the State court from which they were removed, it is further;

**ORDERED** that jurisdiction over the federal claims is retained, it is further;

**ORDERED** that the case, including the pending summary judgment motions (Dkt Nos. 9, 17), will be stayed for a period of one year from the date hereof, it is further;

**ORDERED** that the parties are directed to file a status report with the Court upon the final resolution of the state court claims or within one year from the date hereof, whichever first occurs; and it is further

**ORDERED** that the Clerk is directed to stay this case.

**IT IS SO ORDERED.**

Date:  March 9, 2009

_____
Norman A. Mordue
Chief United States District Court Judge