UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**ANDREW E. WISOFF,**

                                      **Plaintiff,**

              **-v-**                                    **1:07-CV-34 (NAM/CFH)**

**CITY OF SCHENECTADY, NEW YORK,**

                                      **Defendant.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Andrew E. Wisoff
850 Oregon Avenue
Niskayuna, New York 12309
Plaintiff *Pro Se*

City of Schenectady Corporation Counsel
John R. Polster, Esq., of counsel
City Hall, Room 201
Jay Street
Schenectady, New York 12305-1938
Attorney for Defendant

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Plaintiff, who owns rental units in the City of Schenectady ("City"), brought this action in New York State Supreme Court, Schenectady County, alleging that, on its face, the City's Rental Certificate Ordinance ("Ordinance" or "RCO") violates Article I, Section 12 of the New York State Constitution and the Fourth Amendment to the United States Constitution. Plaintiff seeks injunctive relief as well as a declaration that the Ordinance infringes his state and federal

constitutional rights, because it authorizes warrantless inspection of his property and denies him the right to derive income or economic value from his property.

The City removed the action to this Court, and plaintiff moved (Dkt. No. 6) to remand. The City cross-moved (Dkt. No. 8) for summary judgment. By Memorandum-Decision and Order dated March 9, 2009 (Dkt. No. 18), this Court granted in part and denied in part plaintiff's motion to remand; remanded plaintiff's state constitutional claims to state court; retained jurisdiction over the federal constitutional claims; and stayed the City's pending summary judgment motion (Dkt. No. 8).[1]

The remanded state claims have been resolved. New York Supreme Court granted the City's cross motion for summary judgment declaring that the relevant portion of the Ordinance comports with the New York State Constitution, and the Third Department affirmed. *Wisoff v. City of Schenectady*, 984 N.Y.S.2d 207 (3d Dep't 2014). The New York Court of Appeals dismissed plaintiff's appeal, finding that "no substantial constitutional question is directly involved." *Wisoff v. City of Schenectady*, 23 N.Y.3d 1012 (2014).[2]

The Court now addresses the City's cross motion for summary judgment (Dkt. No. 8). As explained below, the Court grants the City's summary judgment motion; declares that the challenged portion of the Ordinance is constitutional under the United States Constitution; and dismisses the complaint with prejudice.

---

[1] Plaintiff's filing at Dkt. No. 17 opposed the City's motion for summary judgment. That filing also appears to be an attempt to cross-move for summary judgment (see Dkt. No. 17-5). Plaintiff never completed the cross-motion, however, and the Clerk terminated it as a motion on April 9, 2007. In any event, in view of the Court's holding herein, any summary judgment motion by plaintiff would be denied.

[2] Thereafter, the Court of Appeals denied plaintiff's motion for leave to appeal from the Third Department's affirmance of Supreme Court's denial of plaintiff's motion for reconsideration. *Wisoff* v. *City of Schenectady*, 24 N.Y.3d 908 (2014).

**THE ORDINANCE**

On August 12, 1985, the City of Schenectady enacted Chapter 167, Article X of the Code of the City of Schenectady, Sections 167-56 through 167-70. The Ordinance applied to all rental units in buildings containing two or more rental units.[3] At the relevant time, it provided in pertinent part:

> §167-59. Certificate required.
>
> > A. It shall be unlawful for any owner to permit the oecupancy of any rental unit subject to this article, unless such unit has a current and valid rental certificate or temporary rental certificate.
> >
> > B. A rental certificate shall be conspicuously posted inside each rental unit at all times. It shall be unlawful for any owner, tenant or occupant to remove or fail to post the current rental certificate.
>
> §167-60. Application; standards; issuance; temporary certificate.
>
> > A. Rental Certificate.
> >
> > > (1) Whenever a vacancy shall exist in a rental unit and a leasing is about to occur, or whenever there is a change in occupancy, the owner shall submit a written application for a rental certificate. This application shall indicate the name and address of the owner, the location of the property and the identity of the rental unit by number or other suitable means.
> > >
> > > (2) Within five working days of receipt of an application, the Building Inspector shall inspect the rental unit to determine if the rental unit is in compliance with the following standards.[4]
> > > \*\*\*

---

[3] The Ordinance expressly did not apply to buildings in which one of the units was occupied by the owner or units that were leased under contract with the Schenectady Municipal Housing Authority and/or the Department of Housing and Urban Development. Code of the City of Schenectady Art. X, §167-58(A) (2006).

[4] The standards include matters such as lighting, ventilation, access, heating, electrical, and fire protection. Code of the City of Schenectady Art. X, §167-60(2)(a)-(o).

-3-

> > (3) If the residential unit is in compliance with this article, then the Building Inspector shall issue a rental certificate at the time of inspection.
> > (4) If violations are found to exist, the Building Inspector shall deny the application and notify the owners of such denial with a notice of denial.
> > ***
>
> > B. Temporary rental certificate.
> >
> > > (1) An owner may apply for a temporary rental certificate whenever the Building Inspector is unable to inspect the unit within five working days of receipt of an application for a rental certificate. The application for a temporary rental certificate must be accompanied by sworn affidavit of the owner that the rental unit complies with the standards set forth in this section.
> > > (2) A temporary certificate of rental is valid for 30 days or until the unit is inspected by the Building Inspector, whichever is less.
>
> > §167-61. Right to enter and inspect.
> >
> > > During regular business hours or in an emergency, the Building Inspector or his representative or any duly authorized City representative, upon the showing of proper credentials and the discharge of his duties, may enter any building or rental unit within a building. If access to such property is refused, the Building Inspector shall apply for a search warrant or court order in an appropriate court and upon showing that there is reasonable grounds to believe that a building or rental unit within a building is rented and occupied in violation of this article.
>
> ***
> § 167-67. Penalties for offenses.
>
> > A. Each violation of this article shall be a misdemeanor and shall be punishable by a fine of not less than $200 and not exceeding $500 or by imprisonment not exceeding 30 days, or by both such fine and imprisonment or by a civil penalty of not less than $200...
> >
> > B. A separate offense shall be deemed committed on each day on which a violation occurs or continues....

Code of the City of Schenectady Art. X, §§ 167-59, 167-60, 167-61, and 167-67 (2006).

## THE COMPLAINT

The allegations in plaintiff's complaint include the following:

> 2. The Plaintiff currently owns several 2-family houses, located in the City of Schenectady, in which he does not reside.
> 3. From time to time, the Plaintiff rents flats (also known as apartments or rental units) in the 2-family houses he owns, in the City of Schenectady, to individuals or families.
> ***
> 6. The City of Schenectady, by its legislative body, the City Council, did enact into law, Article X of Chapter 167 of the Code of Ordinances of the City of Schenectady, on or about August 12, 1985, by Ordinance No. 85-75, commonly known as the Schenectady Rental Certificate Ordinance. ...
>
> ## AS AND FOR A FIRST CAUSE OF ACTION
> ***
> 8. The provisions of the Schenectady Rental Certificate Ordinance require the Plaintiff to submit to a warrantless inspection (search) of his property, specifically any vacant flat and all common areas within a 2-family house associated with such a vacant flat, before his property (the vacant flat) may be legally occupied.
> 9. The requirement that the Plaintiff submit to a warrantless search of his property does not comport with and violates the civil rights and protections guaranteed to the Plaintiff by Article 1, Section 12 of the New York State Constitution and the Fourth Amendment to the United States Constitution.
>
> ## AS AND FOR A SECOND CAUSE OF ACTION
> ***
> 11. The provisions of the Schenectady Rental Certificate Ordinance have the inherent effect of coercing the Plaintiff to submit to a warrantless inspection (search) of his property, specifically any flat and all common areas associated with such flat within a 2- family house (whether vacant or occupied) under threat of the loss of all rental income and economic value of his property.
> 12. The "legislatively coerced consent" scheme of the Schenectady Rental Certificate Ordinance does not comport with and violates the civil rights and protections guaranteed to the Plaintiff by Article I, Section 12 of the New York State Constitution and the Fourth Amendment to the United States Constitution.

Plaintiff seeks judgment declaring that the Ordinance offends the state and federal constitutions and an injunction prohibiting its enforcement.

To the extent that plaintiff's submissions (Dkt. No. 17) in opposition to the City's summary judgment motion are relevant, they mirror the allegations in the complaint. They do not raise any questions of fact material to the Court's resolution of the City's motion, which turns on questions of law.

## STATE COURT DECISIONS

Hon. Vito C. Caruso, Justice of the Supreme Court, Schenectady County, denied plaintiff's motion for declaratory judgment and granted the City's cross-motion for summary judgment dismissing plaintiff's state law claims and declaring the Ordinance facially constitutional. In affirming Justice Caruso's decision, the Third Department wrote: [5]

> It is well established that the 4th Amendment protection against unreasonable searches and seizures extends to administrative inspections of private commercial premises. Thus, to the extent that the challenged ordinance directly or in practical effect authorizes or requires a warrantless inspection, it will not pass constitutional muster. Here, however, the RCO expressly required either the consent of the property owner or the issuance of a valid search warrant in order for the Building Inspector to conduct the administrative inspection. As the inclusion of the warrant requirement is sufficient to safeguard plaintiff's constitutional rights, his challenge to the facial validity of the RCO must fail.
>
> To the extent that plaintiff contends that the rental certificate requirement set forth in the RCO effectively deprived him of the beneficial use of his properties, we disagree. As noted previously, plaintiff's ability to rent his properties clearly is not conditioned upon his consent to a warrantless inspection thereof. Moreover, to the degree that plaintiff's argument may be construed as challenging the propriety of the imposition of the rental certificate requirement in the first instance, suffice it to say that, based upon our review of the record, we are satisfied that the RCO bears a rational relationship to a legitimate governmental goal. Finally, nothing on the face of the RCO suggests that a property owner's refusal to consent to the underlying

---

[5] The Third Department noted: " Inasmuch as the language of US Constitution 4th Amendment and NY Constitution, article I, § 12 'is identical, it may be assumed, as a general proposition, that the two provisions confer similar rights' (*People v Harris*, 77 N.Y.2d 434, 437 [1991])." *Wisoff*, 984 N.Y.S.2d at 209, n.3.

> inspection constitutes a violation of the ordinance, and plaintiff has failed to demonstrate that he is being unconstitutionally penalized for refusing to consent to the administrative inspection.

*Wisoff*, 984 N.Y.S.2d at 209 (citations, quotation marks, brackets, and footnote omitted). As noted, New York's high court dismissed plaintiff's appeal from the Third Department's decision, stating: "[N]o substantial constitutional question is directly involved." *Wisoff*, 23 N.Y.3d 1012.[6]

## STANDARD ON SUMMARY JUDGMENT

On this summary judgment motion, the Court applies the standard recently articulated by the Second Circuit:

> A motion for summary judgment may properly be granted ... where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law. The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists.

*Rogoz v. City of Hartford*, 796 F.3d 236, 245 (2d Cir. 2015) (citations and quotation marks omitted). Where, as here, the nonmovant is proceeding *pro se*, the Court reads that party's papers liberally and interprets them to raise the strongest arguments that they suggest. *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

## DISCUSSION

As set forth above, the Third Department has held that the Ordinance in issue comports with the New York State Constitution. *Wisoff*, 984 N.Y.S.2d at 209. In dismissing plaintiff's

---

[6] *Also see Paschow v. Town of Babylon*, 53 N.Y.2d 687, 688 (1981) ("In this action for a declaratory judgment it cannot be said that the ordinance of the Town of Babylon is unconstitutional on its face, for it does require consent or a warrant for an administrative search except in emergency situations."); *compare Sokolov v. Village of Freeport*, 52 N.Y.2d 341, 346 (1981) (holding unconstitutional an ordinance that "effectively authorizes and, indeed, requires a warrantless inspection of residential rental property.").

appeal from that decision, New York's high court stated that "no substantial constitutional question is directly involved[,]" *Wisoff*, 23 N.Y.3d 1012, thus resolving the remanded state constitutional issue for purposes of this case. As discussed briefly below, the Court finds no Fourth Amendment violation.

The first cause of action claims that the Ordinance infringes plaintiff's constitutional protection against unreasonable searches because it requires plaintiff to "submit to a warrantless inspection (search) of his property, specifically any vacant flat and all common areas within a 2-family house associated with such a vacant flat, before his property (the vacant flat) may be legally occupied." A plain reading of the Ordinance establishes, however, that it contains no such requirement. Rather, it provides that, during regular business hours or in an emergency, the building inspector or other authorized person, "upon the showing of proper credentials and the discharge of his duties, may enter any building or rental unit within a building[,]" and further that, "[i]f access to such property is refused, the Building Inspector shall apply for a search warrant or court order in an appropriate court and upon showing that there is reasonable grounds to believe that a building or rental unit within a building is rented and occupied in violation of this article." Therefore, by its plain terms, the Ordinance authorizes the building inspector to enter only with either consent or a search warrant; it does not authorize a warrantless inspection without consent. On its face, the Ordinance satisfies the Fourth Amendment.

United States District Judge Mae A. D'Agostino reached the same conclusion when addressing the same ordinance. She wrote:

> [I]f the owner of a rental unit refuses to allow Defendant Schenectady's code enforcement officers to conduct an inspection so that a rental certificate may be issued, the code enforcement officer must then apply to the City Court for a search warrant for that premises. The Ordinance does not make it unlawful

> to refuse consent for a search of a rental unit; it simply makes it unlawful to rent an apartment without first obtaining a rental certificate. Refusing consent for a warrantless inspection of the rental unit simply requires the code enforcement officer to obtain a search warrant, which may cause additional delay in the process of obtaining a rental certificate. The ordinance is constitutional on its face under both the New York and United States Constitutions.

*Hafez v. City of Schenectady*, 894 F.Supp.2d 207, 220 (N.D.N.Y. 2012) (citations omitted), *aff'd* 524 F. App'x 742 (2d Cir. 2013). Other federal courts have upheld similar ordinances. *See, e.g., Palmieri v. Town of Babylon*, 277 F. App'x 72, 75 (2d Cir. 2008); *MacPherson v. Town of Southampton*, 2013 WL 6058202, at *10 (E.D.N.Y. Nov. 14, 2013). There are no material questions of fact. The first cause of action lacks merit as a matter of law.

The second cause of action claims that the Ordinance has the inherent effect of "coercing the Plaintiff to submit to a warrantless inspection (search) of his property ... under threat of the loss of all rental income and economic value of his property." The Court has already found that the Ordinance does not require plaintiff to submit to a warrantless search. To the contrary, he has the option to refuse to consent, whereupon the building inspector may enter only after obtaining a warrant. The penalties for violation of Article X set forth in section 167-67 clearly do not apply to refusal to consent. Nor does the Ordinance deprive plaintiff of the income from or value of his property; as District Judge D'Agostino noted, an owner's refusal to consent to a warrantless inspection would, at most, result in some degree of delay in the issuance of a rental certificate while the building inspector obtains a warrant. *Hafez*, 894 F.Supp.2d at 220. There are no material questions of fact. The second cause of action lacks merit as a matter of law.

## CONCLUSION

The Court has reviewed all issues raised by plaintiff and has read his papers with all the

solitude to which his *pro se* status entitles him.  The undisputed facts support the entry of judgment for the City as a matter of law.   It is therefore

ORDERED that defendant's cross motion for summary judgment (Dkt. No. 8) is granted; and it is further

ORDERED that the Court hereby declares that the challenged portion of the Ordinance is constitutional under Article 1, Section 12 of the New York State Constitution and the Fourth Amendment to the United States Constitution; and it is further

ORDERED that the complaint is dismissed with prejudice; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York, and to serve plaintiff by certified mail, return receipt requested.

IT IS SO ORDERED.

Date:  October 28, 2015
        Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge